## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| AARON M. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   15-cv-1501 |
| | ) |
| WEXFORD HEALTH SOURCES, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**ERIC I. LONG, U.S MAGISTRATE JUDGE:**

The following motions have been referred to the undersigned for a report and recommendation: (1) a motion to dismiss for failure to state a claim filed by Defendants Wexford Health Sources, Inc., et al. (the "Wexford Defendants")(d/e 153);[1] and, (2) Plaintiff's motion for a court-appointed expert witness (d/e 160).

For the reasons explained below, the undersigned recommends that both motions be denied, except to the extent that Plaintiff

---

[1] The Wexford Defendants are: Wexford Health Sources, Inc., Dr. Andrew Tilden, James Caruso, Dr. Arthur Funk, Dianne Pouk, Jade Drilling (now Jade Culkin), Georgia Papineau, Veronica Gonzales, Shawna Myers Joneson, and Dr. Stephen Ritz.

seeks to hold Wexford liable for the federal constitutional violations of its employees on a respondeat superior basis.

I.     **Motion to Dismiss by Wexford Defendants (153)**

Plaintiff's claims are based on the alleged refusal or failure to provide Plaintiff with necessary treatment for Plaintiff's seizure disorder, migraines, and chronic pain, including failing to provide medication, a low bunk permit, and a neurologist consult. As a result, Plaintiff allegedly suffered several seizures and falls, causing injuries including severe headaches, neck and back pain, difficulty walking, dizziness, and blindness in his right eye. (Third Am. Compl., ¶¶ 30-85.) Plaintiff pursues a federal claim for deliberate indifference to his serious medical needs. (Count I, Third Am. Compl.) Plaintiff also pursues claims for the intentional infliction of emotional distress (IIED), civil conspiracy, respondeat superior, and indemnification. (Counts II-V, Third Am. Compl.)

The Wexford Defendants move to dismiss the IIED, civil conspiracy, and respondeat superior claims for failure to state a claim.[2] Fed. R. Civ. P. 12(b)(6). The other Defendants, employees of

---

[2] The motion is brought on behalf of all the Wexford Defendants (d/e 153, p. 1), but parts of the memorandum refer only to Wexford (d/e 153, pp. 2, 3). The Court assumes that the motion to dismiss applies to all Wexford Defendants.

the Illinois Department of Corrections, have not filed a motion to dismiss.

To survive Defendants' motion to dismiss, Plaintiff's factual allegations must give fair notice of his claims and "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Fed. R. Civ. P. 8(a)(2)(allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555). However, "'[p]lausibility' for purposes of Rule 8 is not synonymous with 'probability' . . . ." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(*quoting* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7thCir. 2010). The facts alleged need only "provide sufficient detail 'to present a story that holds together.'" Id. (*quoting* Swanson, 614 F.3d at 404). The federal notice pleading standard applies to supplemental state law

claims as well as federal claims.  Christensen v. County of Boone, 483 F.3d 454, 466 (7th Cir. 2007).

### A. IIED Claim

The Wexford Defendants argue that the state law IIED claim is conclusory, leaving them "to guess what they did that amounts to IIED." (d/e 154, p. 4.)

A claim for IIED requires "extreme and outrageous conduct" by a defendant who knew that the conduct would inflict or would likely inflict severe emotional distress on the plaintiff.  The plaintiff must have actually suffered severe emotional distress.  Bailey v. City of Chicago, 779 F.3d 689, 696 (7th Cir. 2015)(additional cite omitted). Fed. R. Civ. P. 8 does not require facts to be alleged corresponding to each element of an IIED claim.  Christensen, 483 F.3d at 465.

Plaintiff's IIED claim (Count II) incorporates all the allegations in the facts section of Plaintiff's Third Amended Complaint.  (Third Am. Compl. ¶ 115.)  Those facts span 55 paragraphs, going into detail about how each Defendant allegedly ignored Plaintiff's repeated pleas for help, causing Plaintiff to suffer seizures and serious injuries and pain from those seizures.  (Third Am. Compl. ¶¶ 30-85.)  For example, the Wexford Defendants allegedly failed to

ensure that Plaintiff received his prescribed seizure medicine, ignored Plaintiff's pleas that he had not received his medicine or a low bunk permit, refused to send Plaintiff to a neurologist, and were indifferent to Plaintiff's injuries caused by his falls and seizures. (Third Am. Compl. ¶¶ 34-36, 38, 29, 42, 50, 53, 58, 59, 62, 66, 73-79.)  As a result, Plaintiff allegedly continues to suffer moderate to severe headaches, debilitating neck and back pain, partial blindness in one eye, memory loss, disorientation, and numbness in his legs.  (Third Am. Compl. ¶¶ 79-80.)

These allegations are sufficient to state an IIED claim and to give Defendants fair notice of the facts upon which the IIED claim rests.  Plaintiff is already proceeding on an Eighth Amendment deliberate indifference claim based on these same allegations. Deliberate indifference requires the conscious disregard of a substantial risk of serious harm, a standard arguably not far off from IIED. See Awalt v. Marketti, 74 F.Supp.3d 909 (N.D. Ill.)(denying summary judgment on IIED claim where plaintiff claimed officers ignored detainee's seizures, and plaintiff died); Taylor v. Wexford Health Sources, Inc., 2016 WL 3227310 (N.D. Ill. 2016)(not published in Federal Rptr.)("Courts have found that

allegations sufficient to support deliberate indifference claims may also support an IIED claim under federal notice pleading standards."). The Court recommends that the motion to dismiss be denied as to the IIED claim.

### B.  Civil Conspiracy Claim

Plaintiff's civil conspiracy claim (Count III) appears to be based on both federal and state law. (Third Am. Compl. ¶ 120)(alleging agreement to violate Plaintiff's rights under federal and state law). The Wexford Defendants' argument addresses only the federal conspiracy claim, (d/e 153, pp. 4-5), so the Court confines its analysis to the federal conspiracy claim.

The Wexford Defendants argue that a heightened pleading requirement is imposed for federal conspiracy claim under 42 U.S.C. § 1983, citing Ryan v. Mary Immaculate Queen Center, 188 F.3d 857 (7th Cir. 1999) and Cooney v. Rossiter, 583 F.3d 967, 970 (7thCir. 2009).

In Ryan, the Seventh Circuit affirmed the dismissal of one defendant in a conspiracy claim where that defendant had not participated in an alleged unreasonable search. The Seventh Circuit found that simply alleging an unreasonable search by others

and then adding the word conspiracy was not enough to state a claim against the defendant uninvolved in the search.  188 F.3d at 860.  Ryan is distinguishable because, in this case, each Defendant is alleged to have personally participated in the wrongful conduct.

Cooney required a "high standard of plausibility" for a pro se plaintiff's claims that defendants had conspired to deprive the plaintiff of her children.  After affirming dismissal of the state actors on immunity grounds, the Seventh Circuit affirmed dismissal of the non-state actors on the conspiracy claim, explaining that the allegations failed to show how the non-state actors were involved in the alleged conspiracy.  583 F.3d at 971.  Like Ryan, Cooney is distinguishable because, in this case, Plaintiff sets forth detailed factual allegations about how each Defendant knew about and deliberately disregarded Plaintiff's medical needs.  Further, the Seventh Circuit in Cooney remarked that the plaintiff may have been engaging in "paranoid pro se litigation," which is not the circumstance in this case. 583 F.3d at 971.

A § 1983 conspiracy claim requires that "(1) the individuals reached an agreement to deprive [a plaintiff] of his constitutional rights, and (2) overt acts in furtherance that actually deprived him

of those rights." Beaman v. Freesmeyer, 776 F.3d 500, 510 (7th Cir. 2015); Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002)("it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.")

    Plaintiff identifies the overt acts of misconduct by each Defendant, though drawing a plausible inference of an agreement to violate Plaintiff's rights is difficult. However, whether an agreement actually existed is something Plaintiff can use discovery to prove. The allegations of unconstitutional policies by Wexford Health Sources, Inc., allows a plausible inference of discussions among the Wexford Defendants and coordination of their responses to Plaintiff's requests for treatment, which in turn allows a plausible inference of an agreement. See Bell Atlantic v. Twombly, 550 U.S. 544, 556 (plausibility standard requires "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations.). The Court recommends that the motion to dismiss be denied as to the federal conspiracy claim.[3]

---

[3] What the § 1983 conspiracy claim adds is unclear, since all the Defendants are considered state actors for purposes of 42 U.S.C. § 1983. See Booth v. Sherman, 66 F.Supp.3d 1069, 1077-78 (N.D. Ill.)("Defendants cannot be held liable under § 1983 for conspiring to violate

## C. Respondeat Superior

To the extent Plaintiff seeks to hold Wexford liable for the federal constitutional violations of Wexford's employees on a respondeat superior basis, current Seventh Circuit law precludes that possibility. Collins v. Al-Shami, 851 F.3d 727, 734 (7th Cir. 2017)("Under existing precedent, neither public nor private entities may be held vicariously liable under § 1983. . . . Though we have recently questioned whether the rule against vicarious liability should indeed apply to private companies, *see* Shields v. Ill. Dep't of Corr., 746 F.3d 782, 786, 789–95 (7th Cir. 2014), we again leave that question for another day.") As of this writing, the Seventh Circuit has not overturned controlling precedent on this issue. The Court therefore recommends that any §1983 claims based on respondeat superior be dismissed.

However, the Wexford Defendants do not maintain that respondeat superior liability is unavailable on Plaintiff's state law claims. The Wexford Defendants instead assert that the respondeat superior count (Count III) is too vague to tell which common law

---

[plaintiff's] due process rights unless they actually violated [his] due process rights; but if they actually violated [his] rights, then the conspiracy charge adds nothing to the case or to [plaintiff]'s potential recovery, as § 1983 plaintiffs may recover only once for each injury.").

tort claims are at issue or which actions were taken within the scope of employment. The Court disagrees. The facts section of the Third Amended Complaint sets forth the actions of the Wexford Defendants, all of which actions were alleged to have been taken within the scope of employment. The state law tort claims at issue are clearly identified as the IIED claim and the state law conspiracy claim. This is sufficient to give fair notice of Plaintiff's grounds for his respondeat superior claims. The Court recommends that the motion to dismiss the respondeat superior claims be denied as to Plaintiff's state law claims.

## II.  Plaintiff's Motion for a Court-Appointed Expert (d/e 160)

Plaintiff seeks appointment of a neutral expert pursuant to Federal Rule of Evidence 706, to be paid by the Central District's Court Fund and Defendants. Rule 706(a) states:

**(a) Appointment Process.** On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

If a court expert is appointed, the Court informs the expert in writing of the expert's duties and advises the parties of the expert's

findings, and the expert may be called to testify. Fed. R. Evid. 706(b). The expert is entitled to reasonable compensation, but in civil cases how the expert is paid is up to the Court. Payment is made "by the parties in the proportion and at the time the court directs—and the compensation is then charged like other costs." Fed. R. Evid. 706(c)(2).

The purpose of Rule 706 is to assist the Court or the jury in deciding a material fact, not for the purpose of helping a party prove his or her case. See Dejesus v. Godinez, --- F.App'x ---, 2017 WL 6539380 *4 (7th Cir. 2016)(not published in Fed. Rptr.)(affirming denial of appointed expert—"Rule 706 is used to appoint a neutral expert to interpret complex information for the trier of fact, not to represent the interests of one party, . . . ."); Vasquez v. Braemer, 586 F.App'x. 224, 227 (7th Cir. 2014)(not published in Fed. Rptr.)("[C]ourts are not required to appoint expert witnesses and should appoint them only when necessary to understand complex case facts or complicated, conflicting evidence."); *compare with* In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002)(recommending on remand that the court appoint an

expert instead of leaving the jury at the mercy of warring experts about meaning of statistical evidence).

Plaintiff contends that a court-appointed expert could assist the jury in understanding "the proper standard of care for seizure disorders, the effectiveness of Dilantin and other anti-seizure medicines, Plaintiff's need for a referral to a neurologist, and the adequacy of the pain management provided . . . ." (d/e 160, p. 2.)

The crux of this case is about whether Defendants were deliberately indifferent—whether they consciously disregarded a substantial risk of serious harm to Plaintiff. Plaintiff already has evidence that he has a history of seizures and that he had a Dilantin prescription, Excedrine Migraine prescription, and low bunk permit in Menard Correctional Center, before his transfer to Pontiac Correctional Center. Plaintiff can testify himself that he received no pain medicine, seizure medicine, or low bunk permit for an extended period of time. He can testify to his pain, to the seizures he suffered, to the injuries he suffered from those seizures, to his pleas for help, and to the responses he received. Plaintiff also apparently has evidence of an optometrist's recommendation that Plaintiff see a neurologist, a recommendation that was allegedly not

followed.  Plaintiff can also testify that the Dilantin he did eventually receive was not helpful.  These are concepts easily understandable by a juror without expert testimony.  *See* Ledford v. Sullivan, 105 F.3d 354 (7th Cir. 1997)(affirming denial of court-appointed expert on inmate's claim of denial of prescribed Zoloft where inmate's symptoms within layperson's grasp); *see also* Gil v. Reed, 381 F.3d 649, 660 (7th Cir. 2004)("In federal court, no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp.").  This case presently does not appear to present the kind of complex issues that might warrant a court-appointed expert.

    The Court will therefore recommend denial of Plaintiff's motion.  However, Plaintiff is not barred from trying to retain an expert on his own and seeking reimbursement from the District Court Fund.  If Plaintiff does plan to retain an expert and seek reimbursement, Plaintiff must seek prior approval from the Court by filing a motion identifying the proposed expert, the issues the expert will address, the expert's fees, the estimated cost of the expert, and the amount sought as reimbursement from the fund.  The expert's resume should also be attached to the motion.  The

Bench and Bar Committee as well as the Advisory Committee (comprised of the active Judges and the Clerk of Court) must approve reimbursements of over $1,000.00.

**THEREFORE, THIS COURT RECOMMENDS THAT:**

**(1) The Wexford Defendants' partial motion to dismiss be granted in part and denied in part. (d/e 153). The Court recommends that the motion be granted to the extent Plaintiff seeks to hold Wexford Health Sources, Inc., liable for the constitutional violations of its employees on a theory of respondeat superior. The Court recommends that the motion otherwise be denied.**

**(2) Plaintiff's motion for the appointment of an expert be denied. (d/e 160).**

Any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. *See* <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986); CDIL-LR 72.2(B).

ENTER:  January 30, 2018

                          s/ ERIC I. LONG
                          ERIC I. LONG
                          UNITED STATES MAGISTRATE JUDGE